IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

FEDERAL DEPOSIT INSURANCE
CORPORATION, as Receiver for
DORAL BANK

Plaintiff

vs

CARLOS JOSE IRIZARRY CEDEÑO,
a/k/a CARLOS J. IRIZARRY CEDEÑO,
his wife MABEL CRUZ FIGUEROA,
a/k/a MABAL CRUZ FIGUEROA, and
their legal conjugal partnership

Defendants

CIVIL 15-2124CCC

**OPINION AND ORDER**

Before the Court is plaintiff Federal Deposit Insurance Corporation as Receiver of Doral Bank's ("FDIC-R") Motion to Dismiss Defendants' Counterclaim for Lack of Subject Matter Jurisdiction (**d.e. 6**) filed on December 12, 2016, which remains unopposed to date. In addition to seeking dismissal of defendants' counterclaim, FDIC-R moves for voluntary dismissal of the foreclosure and collection of monies action without prejudice for the new note holder of defendants' loan to reopen this action in state court. For the reasons explained below, FDIC-R's Motion to Dismiss defendants' counterclaim and voluntary dismissal of the foreclosure action are GRANTED.

I.   **FACTUAL BACKGROUND**

On August 10, 2010, prior to FDIC-R's appointment as receiver of Doral Bank, Doral commenced a collection of monies and foreclosure action against defendants Carlos J. Irizarry Cedeo, Mabel Cruz Figueroa and the conjugal partnership constituted between them in the Commonwealth of Puerto Rico Court of First Instance, Ponce Part.  (d.e. 10-1, pp. 1-9, State Court

CIVIL 15-2124CCC                    2

Complaint). Defendants filed an answer to the complaint and a counterclaim in said court on October 10, 2010, alleging that they did not owe the amount claimed and that the Doral had asserted the same claim in a previous case against them (Civil Case No. JDC2005-0959), which ended by means of stipulation. (d.e. 10-1, pp. 11-12, Answer to the Complaint).

On February 27, 2015, FDIC-R was appointed receiver of Doral Bank.[1] In May 15, 2015, FDIC-R filed a Motion for Substitution of Party and to Stay Proceedings in the Commonwealth action. (d.e. 10-12, Motion for Substitution of Party and to Stay Proceedings). On August 8, 2015, FDIC-R removed the case to this Court pursuant to 12 U.S.C. § 1819(b)(2)(B) and 28 U.S.C. § 1442(a)(1) (d.e. 1) and requested a stay of the proceedings "until such a time, if any, when the administrative requirements under FIRREA re timely exhausted by the claimants and the Court acquires subject matter jurisdiction over the claim." (d.e. 4). The Court granted FDIC-R's motion and stayed the case until November 3, 2015 or for sixty (60) days after the disallowance of claims, whichever date comes first. (d.e. 4). On February 5, 2016, FDIC-R mailed defendants a Notice of Disallowance of Claims to the wrong address (d.e. 6-1). The stay was subsequently lifted on December 7, 2016. (d.e. 5). FDIC-R then moved to dismiss defendants' counterclaim on December 12, 2016 for lack of subject matter jurisdiction given defendants' failure to continue

---

[1] Doral Bank was closed by the Office of the Commissioner of Financial Institutions of the Commonwealth of Puerto Rico on the same date. By operation of federal law, FDIC-R, as receiver, succeeded to all of Doral's rights, titles, powers, privileges, assets, and liabilities, including Doral's interests and status as a party in this pending action. *See* 12 U.S.C. §§ 1821(d)(2)(A) and 1821(d)(2)(B).

to prosecute their claim in federal court within sixty (60) days from the date FDIC-R disallowed it. (**d.e. 6**).

**II.    DISCUSSION**

FDIC-R argues that the Court lacks jurisdiction to hear defendants' counterclaim because they failed to comply with the administrative claims procedure under Section 1821(d) of the Financial Institution Reform, Recovery, and Enforcement Act of 1989 ("FIRREA"), 12 U.S.C. § 1811 et seq.

FIRREA establishes that when FDIC-R is acting as a conservator or receiver, it succeeds to "all the rights, titles, powers, and privileges . . . and the assets of the insured depository institution." 12 U.S.C. § 1821(d)(2)(A)(i). There is a mandatory administrative claims review process ("ACRP") under FIRREA, which must be exhausted by every claimant seeking payment from the assets of the affected institution. 12 U.S.C. § 1821(d)(13)(D).

Subsection 1821(d)(5)(A)(i) instructs FDIC-R to "notify the claimant of any determination with respect to such claim." Subsection 1821(d)(5)(A)(iii) in turn determines when mailing of FDIC-R's notice is sufficient. It states that "[t]he requirements of clause (i) shall be deemed to be satisfied if the notice of any determination with respect to any claim is mailed to the last address of the claimant which appears-- (I) on the depository institution's books; (II) in the claim filed by the claimant; or (III) in documents submitted in proof of the claim." *Id.* "[N]otification is complete when the FDIC-R mails the notice to one of three addresses enumerated in the statute. That is, the FDIC-R satisfies its notice obligation to the claimant by mailing the notice of disallowance to one of the addresses specified in subsection (d)(5)(A)(i)." *Miller v. F.D.I.C.*, 738 F.3d 836, 842 (7th Cir. 2013).

CIVIL 15-2124CCC					4

The record reflects that FDIC may have mailed defendants the Notice of Disallowance of Claim to the wrong address. FDIC-R mailed the notice to P.O. Box **561114**, Guayanilla, PR 00656-3114, adding a one (1), instead of the correct P.O. Box number of **56114**. Compare address in docket entry 6-1 with the address in the Complaint at docket entry 10-1, page 1. Furthermore, the Certified Mail number written in the Notice of Disallowance of Claim sent to an erroneous address differs from the one related to the Certified Mail Receipt provided. Compare number starting with 7012 in docket entry 6-1, page 1, with the number starting with 7014 in docket entry 6-1, page 3. It is possible the defendants never received notice that their claim was disallowed.

However, "[s]ection 1821(d)(6)(A) places an affirmative obligation on claimants to file suit at the end of the 180-day determination period, even in the absence of a notice of disallowance. Neither the receiver's failure to mail notice of its claim determination nor the claimant's failure to receive notification toll the statute of limitations." *Capitol Leasing Co. v. F.D.I.C.*, 999 F.2d 188, 993 (7th Cir. 1993) (referring to *Meliezer v. Resolution Trust Corp.*, 952 F.2d 879, 882 (5th Cir. 1992)).

"When the FDIC-R disallows a claim, or fails to respond to the claimant within the 180-day determination period, the claimant must: (1) request administrative review, (2) file a new action in the appropriate federal court, or (3) "continue" an action that started prior to the appointment of the FDIC-R as receiver. 12 U.S.C. § 1821(d)(6)(A)." *F.D.I.C. v. Beneficial Mortg. Corp.*, 858 F. Supp. 2d 196, 199-200 (D.P.R. 2012). In the Notice of Disallowance of Claim (d.e. 6-1) sent to defendants, FDIC-R states that it would not agree to a request for of an administrative review of its disallowance. But defendants

had already filed a cross-claim by the time FDIC-R removed the case to this Court. Defendants therefore needed to "continue" the action they started before FDIC-R was appointed as receiver.

"To 'continue' an action requires some affirmative act by the claimant." *Reyes v. F.D.I.C.*, No. CIV. 10-1660 JP, 2011 WL 2604762, at *3 (D.P.R. June 30, 2011). "[T]the claimant must take any affirmative action in furtherance of his or her claim in court, such as by filing a motion to renew or reactivate his or her case. The claimant must take action within the earlier of (a) 60 days after the FDIC-R disallows the claim within the 180-day determination period allowed to the FDIC-R, or (b) 60 days after the expiration of the 180-day period. *See* 12 U.S.C. § 1821(d)(5)(A). The statute further provides that if the claimant fails to affirmatively act within 60 days of the earlier date, whichever it may be, the disallowance is 'final, and the claimant shall have no further rights or remedies with respect to such claim.' *Id*. § 1821(d)(6)(B)." *Caban-Casillas v. Rivera-Rivera*, No. CV 15-1651 (JAG), 2017 WL 3016777, at *3 (D.P.R. July 14, 2017). "Failure to comply with these requirement deprives courts of jurisdiction." *Reyes*, No. CIV. 10-1660 JP, 2011 WL 2604762, at *3 (D.P.R. June 30, 2011) (referring to 12 U.S.C. § 1821(d)(13)(D)).

Defendants failed to take any affirmative act to "continue" their claim against FDIC-R within the time period allotted under FIRREA; they did not file any motion. To date, they have not even made an appearance before this Court even after FDIC-R mailed a copy of its motion to dismiss to their attorney of record in the state court proceeding, César E.Rodríguez Rodríguez, at his mailing address of 22A Pasarell Street, Yauco, PR 00698. They have

therefore failed to comply with FIRREA's administrative requirements.  As a result, we lack subject matter jurisdiction over their claim.

### III.	CONCLUSION

For the reasons stated herein, FDIC-R's Motion to Dismiss Counterclaim for Lack of Subject Matter Jurisdiction (**d.e. 6**) is GRANTED and its voluntary dismissal of the foreclosure action is also GRANTED.  Judgment will be entered accordingly.

SO ORDERED.

At San Juan, Puerto Rico, on August 21, 2018.

					S/CARMEN CONSUELO CEREZO
					United States District Judge